# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO DURAND,<br><br>    Plaintiff<br><br>v.<br><br>MARIE BROWN,<br><br>    Defendant | Case No.: 3:22-cv-00263-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 7 |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff is an inmate within the Nevada Department of Corrections (NDOC), housed at Ely State Prison (ESP). He filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.)

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $402, consisting of the $350 filing fee and a $52 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $402 filing fee. If the inmate qualifies for IFP status, the $52 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Plaintiff filed three IFP applications (ECF Nos. 3, 4, 5); however, none of them was accompanied by the required inmate account statement. On September 20, 2022, the court issued an order denying those applications without prejudice, and the court directed the Clerk to send Plaintiff a copy of the instructions and application to proceed IFP for an inmate. The court gave Plaintiff 30 days to either file his completed IFP application, including the required inmate account statement and financial certificate or pay the full $402 filing fee. Plaintiff was specifically advised that if he failed to timely file a completed IFP application with the required inmate account statement and financial certificate or pay the filing fee, the undersigned would recommend that this action be dismissed without prejudice.

On September 26, 2022, Plaintiff filed another IFP application, but once again, it is not accompanied by the inmate account statement and Plaintiff has not paid the $402 filing fee. Moreover, Plaintiff has filed many civil rights actions in this District, and the requirements of seeking IFP status have been explained to him many times.

As a result, the latest IFP application should be denied, and this action should be dismissed without prejudice.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's latest IFP application (ECF No. 7) and **DISMISSING** this action **WITHOUT PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 27, 2022

_____
Craig S. Denney
United States Magistrate Judge