UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO DURAND,<br><br>        Plaintiff<br>v.<br><br>MARIE BROWN,<br><br>        Defendant. | Case No. 3:22-cv-00263-ART-CSD<br><br>ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (ECF No. 16) |

Plaintiff Roberto Durand brought this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's sixth application to proceed *in forma pauperis* ("IFP"), which is incomplete. (ECF No. 13.) Before the Court is Judge Denney's Report and Recommendation ("R&R"), which recommends dismissal of this action without prejudice for failure to comply with this Court's orders and submit a complete IFP application. (ECF No. 16.) Plaintiff filed an objection to Judge Denney's R&R. (ECF No. 18.)

For the reasons discussed below, the Court ADOPTS Judge Denney's Report and Recommendation, denies Plaintiff's sixth IFP application, and dismisses this action without prejudice.

**I.    Review of Reports & Recommendations**

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v.*

1

*Arn*, 474 U.S. 140, 149 (1985). As Plaintiff has filed an objection to Judge Denney's R&R, the Court conducts review *de novo*.

**II.     Analysis**

As Judge Denney's R&R explained, "When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2)." (ECF No. 16 at 1.)

Plaintiff has filed six applications to proceed IFP in this action, all of which have been incomplete. The Court has given Plaintiff several opportunities to re-submit IFP applications with the proper documentation required, however, he has not done so. Judge Denney's R&R recommended that this action be dismissed without prejudice for failure to comply with this Court's orders.

Plaintiff initially filed three applications to proceed in forma pauperis ("IFP"). (ECF Nos. 3, 4, 5.) However, none contained the required inmate account statement. The Court denied those three applications without prejudice and gave Plaintiff 30 days to file a complete IFP application or pay the $402 filing fee. (ECF No. 6.) Plaintiff then filed a fourth IFP application, which also did not contain the inmate account statement. (ECF No. 7.) Magistrate Judge Denney issued an R&R recommending dismissing the action without prejudice. (ECF No. 8.) Plaintiff objected to the R&R and filed a fifth IFP application, which again did not contain the required documentation. (ECF Nos. 9, 10, 11.)

The Court issued an order adopting the R&R in part, denying Plaintiff's fourth and fifth IFP applications but giving Plaintiff one more opportunity to file a complete IFP application. (ECF No. 12.) Plaintiff then filed a sixth IFP application (ECF no. 13), which Judge Denney's R&R recommends denying

because it is incomplete. (ECF No 16.) Plaintiff filed an objection to Judge Denney's R&R. (ECF No. 18.)

Because Plaintiff has failed to file a complete IFP application or pay the $402 filing fee, despite being given many chances to do so, the Court agrees with Judge Denney's analysis that Plaintiff's sixth incomplete IFP application (ECF No. 13) should be denied, and this action should be dismissed, without prejudice, for failure to follow this Court's orders pursuant to Local Rule IA 11-8. ("The court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who…[f]ails to comply with any order of this Court.") Plaintiff was given notice that if he failed to file a complete IFP application or pay the filing fee, Judge Denney would recommend dismissal of this action without prejudice. (ECF No. 6.)

### III. Conclusion

It is therefore ordered that Plaintiff's objection to Judge Denney's Report and Recommendation (ECF No. 18) is OVERRULED.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 16) is ADOPTED.

It is further ordered that Plaintiff's sixth application to proceed *in forma pauperis* (ECF No. 13) is DENIED.

It is further ordered that this action is DISMISSED WITHOUT PREJUDICE for failure to follow the Court's orders.

It is further ordered that the Clerk is directed to ENTER JUDGMENT accordingly and CLOSE this case.

Dated this 27th day of November, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE